IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | Civil No. 18-00410 HG-WRP |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| HAWAIYA TECHNOLOGIES, INC.; PAUL SCHULTZ, an individual; MUN-WON CHANG, an individual; PAUL SCHULTZ, as Co-Trustee of the Paul S. Schultz Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Paul S. Schultz Revocable Trust;  PAUL SCHULTZ, as Co-Trustee of the Mun-Won Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Mun-Won Chang Revocable Trust; JANE WON-IM CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING MOVING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 100)**

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") brought this suit to collect indemnification from Defendants for payments made on a construction surety bond.

Hawaiya Technologies, Inc. ("HTI") was a subcontractor on a

1

construction project operated by the State of Hawaii at the Halawa Correctional Facility.  Paul Schultz is the President and Chief Executive Officer of HTI.  Mun-Won Chang is an officer at HTI.

Liberty Mutual issued surety bonds in connection with HTI's subcontract in exchange for an indemnity agreement.

Liberty Mutual previously filed a Motion for Partial Summary Judgment.  The Court found multiple genuine disputes of material facts existed between the Parties and DENIED Plaintiff's Motion.

Defendants HTI and Paul Schultz and Mun-Won Chang, as individuals and as Co-Trustees of the Paul S. Schultz Revocable Trust and the Mun-Won Chang Revocable Trust, ("Moving Defendants") have now filed their own Motion for Partial Summary Judgment.  Moving Defendants rely on opinions and deposition testimony of an HTI employee, one of Liberty Mutual's attorneys, and a consultant hired by Liberty Mutual after the purported default by HTI.

The Court cannot weigh the evidence and make credibility determinations at summary judgment.  The Court again finds that there are disputes of material fact that prevent summary judgment for any Party.

Moving Defendants' Motion for Partial Summary Judgment (ECF No. 100) is **DENIED.**

## PROCEDURAL HISTORY

On October 25, 2018, Plaintiff Liberty Mutual filed the Complaint.  (ECF No. 1).

On September 18, 2019, Liberty Mutual filed a Motion for Partial Summary Judgment and a Concise Statement of Facts against Defendants Hawaiya Technologies, Inc. and Paul Schultz and Mun-Won Chang, as individuals and as Co-Trustees of the Paul S. Schultz Revocable Trust and the Mun-Won Chang Revocable Trust. (ECF Nos. 44, 45).

On March 24, 2020, the Court entered an Order Denying Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 94).

On April 10, 2020, Defendants Hawaiya Technologies, Inc. and Paul Schultz and Mun-Won Chang, as individuals and as Co-Trustees of the Paul S. Schultz Revocable Trust and the Mun-Won Chang Revocable Trust, ("Moving Defendants") filed a Motion for Partial Summary Judgment and a Concise Statement of Facts against Plaintiff.  (ECF Nos. 100, 101).

On May 1, 2020, Plaintiff filed its Opposition to the Motion for Partial Summary Judgment and a Concise Statement of Facts. (ECF Nos. 110, 111).

On April 19, 2020, Moving Defendants filed their Reply. (ECF No. 112).

On June 3, 2020, the Court held a telephonic hearing

regarding Moving Defendants' Motion for Partial Summary Judgment. (ECF No. 114).

## BACKGROUND

The background of the dispute is outlined in the Court's March 24, 2020 ORDER DENYING PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT.  (ECF No. 94).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party has no burden to negate or disprove matters on which the opponent will have the

burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  The opposing party must present admissible evidence showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition evidence may consist of declarations, admissions, evidence obtained through discovery,

and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## **ANALYSIS**

On April 10, 2020, Defendants Hawaiya Technologies, Inc. ("HTI"); Paul Schultz, individually and as Co-Trustee of the Mun-Won Chang and Paul S. Schultz Revocable Trust; and, Mun-Won Chang, individually and as Co-Trustee of the Mun-Won Chang and Paul S. Schultz Revocable Trust, (collectively, "Moving Defendants")[1] filed a Motion for Partial Summary Judgment seeking the dismissal of Plaintiff's breach of contract and unjust

---

[1] Defendant Jane-Won Im Chang is not a party to this Motion.

6

enrichment claims.  (ECF No. 100).

Plaintiff Liberty Mutual previously filed a Motion for Summary Judgment and the Court issued an Order denying the Motion on March 24, 2020.  The Court explained, in detail, the numerous disputes of material fact that precluded summary judgment.

Moving Defendants have filed their own Motion for Partial Summary Judgment and have submitted additional pieces of evidence that they claim support granting summary judgment to them on the claims for breach of contract and unjust enrichment.  Moving Defendants' arguments are premised on three pieces of evidence that were not presented in the first Motion for Summary Judgment:

(1)  A May 13, 2018 email from Mike Grady of HTI to BCP Construction and the State stating his belief that HTI was submitting a remedial proposal that would meet the code (May 13, 2019 Grady Email, attached as Ex. SS to Defs.' CSF, ECF No. 101-22);

(2)  An excerpt from the January 14, 2020 Deposition of Luis Aragon, Liberty Mutual's Surety Claims Counsel (January 14, 2020 Luis Aragon Deposition, ECF No. 101-23); and,

(3)  An excerpt from the January 16, 2020 Deposition of Sam Reed, the lead consultant for Vertex, Liberty Mutual's construction consultant (January 16, 2020 Sam Reed Deposition, ECF No. 101-24).

None of the three pieces of evidence alter the Court's previous analysis.  The three pieces of evidence are merely opinions of witnesses.  The Court is unable to make credibility determinations at the summary judgment stage.  McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1113 n. 5 (9th Cir. 2004) ("[I]t is

7

axiomatic that disputes about material facts and credibility determinations must be resolved at trial, not on summary judgment."); Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1036 (9th Cir. 2005) ("[T]he judge does not weigh disputed evidence with respect to a disputed material fact.  Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions.") (quoting T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)).

The trier of fact will review the evidence admitted at trial and decide whether to credit the testimony of Mike Grady, Luis Aragon, and Sam Reed.

## I.   Breach Of Contract

Liberty Mutual alleges in its breach of contract claim that HTI violated the terms of the Indemnity Agreement by not reimbursing Liberty Mutual for payments made on the Bonds.

Moving Defendants claim that HTI was improperly terminated pursuant to the terms of the Subcontract and Bonds, and that HTI's alleged improper termination negates Defendants' liability to Liberty Mutual under the Indemnity Agreement.

The Court explained in detail in its March 24, 2020 Order that genuine disputes of fact existed as to:

8

(1)   whether HTI was in default;

(2)   whether HTI commenced correction of its default before being terminated; and,

(3)   if Liberty Mutual's decision to make payments on the Bond was reasonable.

Moving Defendants' newly submitted evidence does not impact the Court's previous determination that there are genuine issues of material fact that preclude a finding of summary judgment for breach of contract.

**A.   Reliance On Article 13 Of The Subcontract**

**1.   There Are Genuine Disputes Of Fact Regarding Whether HTI Received The Notice Described In Article 13 Of The Subcontract**

Article 13 of the Subcontract defines one possible set of conditions under which BCP Construction could terminate the Subcontract for default.  (Subcontract art. 13, attached as Ex. B to Defs.' CSF, ECF No. 101-4).  Article 13 states that BCP Construction may terminate the contract for default where:

(1)   HTI persistently or repeatedly fails to perform its work; and,

(2)   BCP Construction provides HTI written notice and at least three days to commence or continue correction of its default; and,

(3)   BCP Construction provides HTI a second written notice and 24 hours before termination of the subcontract is

9

permitted.[2]  (<u>Id.</u>)

Moving Defendants allege that HTI never received the second notice required by Article 13.  Moving Defendants rely on statements made by Sam Reed, the lead consultant for Vertex, the construction consulting firm hired by Liberty Mutual to investigate BCP Construction's claims.  (January 16, 2020 Sam Reed Deposition, ECF No. 101-24).  Mr. Reed's deposition testimony that he did not believe he had seen specific evidence that the second notice was provided is insufficient to grant summary judgment to the Moving Defendants.  Mr. Reed merely gives his opinion as to what he believes is in the evidence that was provided to him.  (<u>Id.</u> at 94: 8-10).  Analysis of his opinion and credibility remains a question of fact that cannot be resolved at summary judgment.  <u>U.S. Composite Pipe S., LLC v. Frank Coluccio Const. Co.</u>, Civ. No. 12-00538 JMS-KSC, 2014 WL 5023489, at *1, *12 (D. Haw. Oct. 7, 2014) (explaining that the parties' reliance

---

[2] "ARTICLE THIRTEEN-RECOURSE BY CONTRACTOR: If subcontractor persistently or repeatedly fails or neglects to carry out the work in accordance with the contract documents, or otherwise fails to perform in accordance with this subcontract, and fails within three days after receipt of written notice to commence and/or continue correction of such default or neglect with diligence and promptness, contractor may, one (1) days after receipt by subcontractor of an additional written notice, and without prejudice to any other remedy, (1) supplement the labor and materials necessary to perform subcontractor's work; (2) perform any portion of the subcontract work; (3) or terminate the subcontract."  (Subcontract art. 13, attached as Ex. B to Defs.' CSF, ECF No. 101-4).

on deposition testimony at the summary judgment stage of a construction dispute was misplaced because it required an assessment of the credibility of witnesses which was an issue for trial).

There is a genuine dispute of fact regarding whether HTI was properly terminated pursuant to Article 13 of the Subcontract.

> **2.    There Are Genuine Disputes Of Fact Regarding Whether HTI Received The Opportunity To Cure Described In Article 13 Of The Subcontract**

Article 13 provides HTI an opportunity to cure a noticed default before being terminated.  Once HTI received a written notice of default it was obligated to "commence and/or continue correction of such default or neglect with diligence and promptness."  (Subcontract art. 13, attached as Ex. B to Defs.' CSF, ECF No. 101-4).  BCP Construction had the right to issue a second written notice if HTI failed to diligently and promptly commence or continue its correction within three days of receiving the first notice.  (Id.)  After 24 hours, BCP Construction then had the right to terminate HTI for default. (Id.)

Moving Defendants argue that although HTI never cured its default, it should not have been terminated for default because it was in the process of correcting and curing its default.

The Court previously held that there was "a genuine dispute of fact regarding whether HTI commenced correction of its default before being terminated." (March 24, 2020 Order at p. 23, ECF No. 94). Moving Defendants' newly submitted evidence does not resolve the genuine disputes of fact regarding whether HTI's attempts to commence correction satisfied the terms of Article 13.

Moving Defendants submitted an email sent from Mike Grady, an HTI employee, to a BCP Construction employee. (May 13, 2018 Grady Email, attached as Ex. SS to Defs.' CSF, ECF No. 101-22). Moving Defendants seek to credit the statements made by Mr. Grady in the e-mail. The question of whether HTI commenced correction of its default before being terminated cannot be resolved based on a statement by one of Moving Defendants' employees in an e-mail. The weight and credibility of the evidence cannot be determined at summary judgment. As set forth in detail in the Court's March 24, 2020 Order, there are genuine disputes of fact regarding whether BCP Construction's termination of HTI was proper.

 3. **There Are Genuine Disputes Of Fact Regarding Whether Liberty Mutual Reasonably Concluded It Faced Potential Liability For HTI's Alleged Defaults**

The Indemnity Agreement between the Parties requires that

Defendants repay Liberty Mutual for any disbursements on the Bonds made under the "good faith" determination that Liberty Mutual faces "potential liability."  (General Agreement of Indemnity, attached as Ex. 1 to Pl.'s CSF, ECF No. 45-2).

Moving Defendants argue that, in their view, BCP Construction violated the Subcontract by prematurely terminating HTI, and claim it was unreasonable for Liberty Mutual to make a payment to BCP Construction on the Bonds.

Again, Moving Defendants ignore that the Court cannot weigh evidence or make credibility determinations at summary judgment. The Court set forth in its March 24, 2020 Order that there are genuine issues of material facts whether HTI was properly terminated for default.  There are also questions whether Liberty Mutual faced potential liability for HTI's purported default.  In addition, there are questions as to the Defendants' liability pursuant to the Indemnity Agreement and whether Liberty Mutual acted in good faith.  Even if it was determined that HTI's termination was improper, HTI must still indemnify Liberty Mutual if it made a good faith determination that it faced potential liability for HTI's alleged inadequate work.  These are all issues of fact for trial.

13

### B.    Reliance On Article 14 Of The Subcontract

The Parties continue to dispute the effect that Article 14 of the Subcontract has on the dispute.  In the March 24, 2020 Order, the Court explained that it appeared that Liberty Mutual was relying on Article 13 in the Subcontract as the basis for BCP Construction terminating HTI.  (March 24, 2020 Order at p. 34, ECF No. 94).  As Liberty Mutual points out in its Opposition, however, BCP Construction stated that its termination of HTI was based on Article 14 of the Subcontract (Letter from BCP Construction to Ms. Mun-Won Chang, dated May 15, 2018, ECF No. 45-7).  Liberty Mutual did not explicitly cite to Article 13 as the basis for consideration of HTI's termination by BCP Construction.  (Letter from Liberty Mutual to BCP Construction dated June 26, 2018, ECF No. 55-27).  Given the numerous disputes of fact, the Court cannot determine at summary judgment whether Article 13 or Article 14 of the Subcontract was the basis for BCP terminating HTI.  There are genuine issues of material fact as to which Article formed the basis for BCP Construction's termination of HTI and whether the termination was appropriate.  There are additional questions as to whether Liberty Mutual's investigation was reasonable.

Moving Defendants' Motion for Partial Summary Judgment (ECF

No. 100) as to Breach of Contract is **DENIED.**

## II.  Unjust Enrichment

Moving Defendants claim that Plaintiff cannot recover for unjust enrichment because its claim for damages is based on an express contract.  The Hawaii Intermediate Court of Appeals addressed the issue in Porter v. Hu, 169 P.3d 994, 1005-07 (Haw. App. 2007).  The appellate court explained that generally the right to maintain a suit for an equitable remedy requires an absence of an adequate remedy at law.  Id. (citing Bd. Of Dirs. Of the Ass'n of Apt. Owners of Regency Tower Condo. Project v. Regency Tower Venture, 635 P.2d 244, 249 (Haw. App. 1981)).  The Hawaii appellate court explained, however, that when the legal remedy for a breach of contract claim is inadequate, the court may award the plaintiff equitable damages for unjust enrichment. Id.

Here, it is premature for the Court to determine whether any legal remedy that may be awarded to Liberty Mutual is adequate. Courts routinely permit a plaintiff to plead unjust enrichment as an alternative theory to damages for breach of contract.  Longest v. Green Tree Servicing LLC, 74 F.Supp.3d 1289, 1302 (C.D. Cal. 2015); Clifton Equities, Inc. v. Summerlin Asset Mgmt. III, LLC, 2012 WL 6570940 *1-*2 (D. Ariz. Dec. 17, 2012).

15

Moving Defendants' Motion for Partial Summary Judgment (ECF No. 100) as to Unjust Enrichment is **DENIED.**

## CONCLUSION

Moving Defendants' Motion for Partial Summary Judgment (ECF No. 100) is **DENIED.**

IT IS SO ORDERED.

DATED: June 29, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation v. HAWAIYA TECHNOLOGIES, INC.; PAUL SCHULTZ, an individual; MUN-WON CHANG, an individual; PAUL SCHULTZ, as Co-Trustee of the Paul S. Schultz Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Paul S. Schultz Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Mun-Won Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Mun-Won Chang Revocable Trust; JANE WON-IM CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; Civil No. 18-00410 HG-WRP; **ORDER DENYING MOVING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 100)**

16