IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) | Civil No. 18-00410 HG-WRP |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) ) | |
| | ) | |
| HAWAIYA TECHNOLOGIES, INC.; PAUL SCHULTZ, an individual; MUN-WON CHANG, an individual; PAUL SCHULTZ, as Co-Trustee of the Paul S. Schultz Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Paul S. Schultz Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Mun-Won Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Mun-Won Chang Revocable Trust; JANE WON-IM CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER DENYING MOVING DEFENDANTS' MOTION TO BIFURCATE TRIAL (ECF No. 155)**

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") brought suit to collect indemnification from Defendants for payments made on a construction surety bond.

Defendant Hawaiya Technologies, Inc. ("HTI") was a subcontractor on a construction project operated by the State of

1

Hawaii at the Halawa Correctional Facility.  Defendant Paul
Schultz is the President and Chief Executive Officer of HTI.
Defendant Mun-Won Chang is an officer at HTI.

Plaintiff Liberty Mutual issued surety bonds in connection
with HTI's subcontract in exchange for an indemnity agreement.
Plaintiff Liberty Mutual previously filed a Motion for Partial
Summary Judgment.  The Court found multiple genuine disputes of
material facts existed between the Parties and DENIED Plaintiff's
Motion.

Defendants HTI, Schultz, and Mun-Won Chang subsequently
filed a separate Motion for Partial Summary Judgment on the same
issues.  The Court again found multiple genuine disputes of
material facts existed between the Parties and DENIED Defendants'
Motion.

On December 15, 2020, Defendants Hawaiya Technologies, Inc.;
Paul S. Schultz, Individually and as Co-Trustee of the Paul S.
Schultz Revocable Trust and Co-Trustee of the Mun-Won Chang
Revocable Trust, and Mun-Won Chang, Individually and as Co-
Trustee of the Paul S. Schultz Revocable Trust and Co-Trustee of
the Mun-Won Chang Revocable Trust, (collectively "Moving
Defendants") filed a MOTION TO BIFURCATE TRIAL (ECF No. 155).

Moving Defendants' Motion to Bifurcate Trial (ECF No. 155)
is **DENIED.**

## BACKGROUND

The background of the dispute is outlined in the Court's March 24, 2020 ORDER DENYING PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT.  (ECF No. 94).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counter-claims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

District courts have broad authority to try issues or claims separately pursuant to Fed. R. Civ. P. 42(b).  M2 Software, Inc. v. Madacy Ent., 421 F.3d 1073, 1088 (9th Cir. 2005).

In determining whether separate trials are appropriate, courts consider several factors, most commonly whether separate trials will result in judicial economy and whether separate trials will unduly prejudice either party.  See MySpace, Inc. v. Graphon Corp., 732 F.Supp.2d 915, 917 (N.D. Cal. 2010).

## ANALYSIS

Federal Rule of Civil Procedure 42(b) allows the District

3

Court, in its discretion, to bifurcate trial on separate issues
or claims for the convenience of the Court and the Parties.  In
re Hyatt Corp., 262 F.R.D. 538, 543 (D. Haw. 2009).

Courts generally address the following factors when
determining whether to bifurcate proceedings into separate
trials:

    (1)  potential simplification and expedition of issues;

    (2)  conservation of judicial resources and resources of the
        parties;

    (3)  potential unfair prejudice to any of the parties;

    (4)  preservation of the parties' right to a jury trial.

See Jinro Am. Inc. v. Secure Invs., Inc., 266 F.3d 993, 998
(9th Cir. 2001); Clark v. I.R.S., 772 F.Supp.2d 1265, 1269 (D.
Haw. 2009); Corvello v. New England Gas Co., Inc., 247 F.R.D.
282, 286 (D.R.I. 2008).

Rule 42(b) is intended to further a number of significant
policies but it is the interest of efficient judicial
administration that is controlling under the rule, rather than
the wishes of the parties.  9A Wright & Miller, § 2388, at n.2
(3d ed., Oct. 2020) (citing Mosqueda v. City of Los Angeles, 171
Fed. Appx. 16 (9th Cir. 2006)).

## A.   Simplification And Expedition Of Issues

The Ninth Circuit Court of Appeals has explained that
bifurcation is permitted to "first deal[] with an easier,

dispositive issue." <u>Estate of Diaz v. City of Anaheim</u>, 840 F.3d
592, 601 (9th Cir. 2016) (citing <u>Danjaq LLC v. Sony Corp.</u>, 263
F.3d 942, 961 (9th Cir. 2001)).

Defendants Hawaiya Technologies, Paul S. Schultz, and Mun-
Won Chang, both individually and as Co-Trustees of their
respective trusts, seek to have two separate trials.  The Moving
Defendants seek to have one trial on Plaintiff's causes of action
for:

(1)  Breach of Contract;

(2)  Unjust Enrichment;

(3)  Quia Timet, and.

(4)  Breach of Covenant of Good Faith and Fair Dealing.

The Moving Defendants seek a separate trial on Plaintiff's
claim for:

(5)  Fraudulent Transfer of Assets.

With respect to the fraudulent transfer claim, Plaintiff
alleges that the transfers of five separate Real Properties by
Defendants Schultz and Mun-Won Chang, as Co-Trustees of the
Schultz and Mun-Won Chang Trusts, "were done with actual intent
to hinder, delay, or defraud Liberty Mutual."  (Complaint at ¶
66, ECF No. 1).  The Real Properties are alleged to have been
transferred to the Jane Won-Im Chang Revocable Trust ("Jane
Trust").  (<u>Id.</u>)

Plaintiff Liberty Mutual asserts in the Complaint that the

transferred Real Properties were identified by the HTI Defendants as assets that they controlled which formed part of the basis of Liberty Mutual's decision to underwrite the bonds at issue.  (Id. at ¶ 69).  The Complaint asserts that the Real Properties formed substantially all of the HTI Defendants' assets and that the transfer of the properties to the Jane Trust was not made in good faith or for fair value.  (Id. at ¶¶ 73-74).

Plaintiff also asserts that the HTI Defendants did not inform it of the transfers in violation of their General Agreements of Indemnity.  (Id. at ¶ 72).

Here, the Moving Defendants do not seek separate trials to simplify, expedite, or first deal with an easier dispositive issue.  Rather, the Moving Defendants seek a separate trial for a claim that is intertwined with the main indemnity agreements at issue.  The fraudulent transfer claim involves disputes of fact that are central to the trial.  The issues relating to the indemnification agreements, the Moving Defendants' assets, and the Moving Defendants' representations to Liberty Mutual are central to the dispute as a whole and to the issues in the Fifth Cause of Action for fraudulent transfer of assets.

The Moving Defendants make inconsistent arguments as to why the Fifth Cause of Action should have its own separate trial, none of which are persuasive.  First, the Moving Defendants argue that they are "in the process of trying to transfer the subject

properties back to the trusts of Paul Schultz and Mun Won Chang,"
eliminating the need for the trial on that cause of action
altogether.  (Motion at p. 6, ECF No. 155-1).  The Parties'
attempts to resolve issues on their own is not a basis for the
Court to order two separate trials.

Second, the Moving Defendants argue that there are questions
as to Jane Won-Im Chang's fitness to proceed at trial, despite
their claim that they are attempting to transfer the properties
back from a trust in which she serves as a co-trustee.  The
Moving Defendants have not established that questions as to Jane
Won-Im Chang's fitness to proceed to trial are a basis for
bifurcation.  Jane Won-Im Chang's testimony is not required to
determine if or why the Real Properties were transferred to the
Jane Trust.  The central questions in the fraudulent transfer
claim focus on Defendants Schultz and Mun Won Chang's actions,
intent, and knowledge.

Bifurcation is typically reserved for situations in which
resolution of a single claim or issue is potentially dispositive
of the entire case.  Gamble v. State Farm Mut. Auto. Ins. Co.,
2020 WL 7342983, *1 (W.D. Wash. Dec. 14, 2020).  Such a situation
is not present here.

**B.   Conservation Of Resources**

Bifurcation is particularly appropriate when it would permit

the deferral of costly and possibly unnecessary proceedings, pending resolution of a potentially dispositive preliminary issue.  <u>Exxon Co. v. Sofec, Inc.,</u> 54 F.3d 570, 576 (9th Cir. 1995).

Here, the fraudulent transfer cause of action is not potentially dispositive of the entire case.  Rather, it involves facts that are intertwined with the main issues for trial. Scheduling two separate jury trials on overlapping issues would not conserve resources or avoid unnecessary proceedings.

**C.   Risk Of Unfair Prejudice**

Bifurcation would be improper when separate trials would result in prejudice to a party, for example, by increasing expense, causing duplication of evidence, or deciding overlapping issues.

Here, the majority of the evidence relating to the fraudulent transfer claim is also central to the dispute in this case between Liberty Mutual and the HTI Defendants.  Two separate trials would increase expense, cause duplication of evidence, and potentially create inconsistent verdicts.

**D.   Preservation Of The Parties' Right To Jury Trial**

Rule 42(b) specifically requires that separate trial orders "preserve any federal right to a jury trial."  Rule 42(b) cannot

be used to deprive a party of its right to a jury trial on legal issues.  Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504 (1959).

Here, the Moving Defendants raise for the first time their belief that a fraudulent conveyance claim may be an equitable claim.  Any potential equity issue should be addressed closer to trial in a motion in limine.

The Court declines to exercise its discretion to bifurcate trial.  Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (explaining that the decision to bifurcate is in the sound discretion of the trial court).

## CONCLUSION

Moving Defendants' Motion to Bifurcate Trial (ECF No. 155) is **DENIED.**

IT IS SO ORDERED.

DATED: January 6, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

LIBERTY MUTUAL INSURANCE COMPANY, v. HAWAIYA TECHNOLOGIES, INC.; PAUL SCHULTZ, an individual; MUN-WON CHANG, an individual; PAUL SCHULTZ, as Co-Trustee of the Paul S. Schultz Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Paul S. Schultz Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Mun-Won Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Mun-Won Chang Revocable Trust; JANE WON-IM CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; PAUL SCHULTZ, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; MUN-WON CHANG, as Co-Trustee of the Jane Won-Im Chang Revocable Trust; Civil No. 18-00410 HG-WRP; **ORDER DENYING MOVING DEFENDANTS' MOTION TO BIFURCATE TRIAL (ECF No. 155)**   9